1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11

MARTHA TRUJILLO,                      )
12                                     )     2:05-cv-1635-GEB-JFM
                      Plaintiff,       )
13                                     )
             v.                        )     STATUS (PRETRIAL
14                                     )     SCHEDULING) ORDER
CONTINENTAL CASUALTY COMPANY;          )
15 HARTFORD LIFE GROUP INSURANCE       )
COMPANY; WELLPOINT HEALTH              )
16 NETWORKS LONG TERM GROUP            )
DISABILITY PLAN; WELLPOINT HEALTH      )
17 NETWORKS INC. SHORT-TERM            )
DISABILITY PLAN,[1]                    )
18                                     )
                      Defendants.      )
19 _____    )

20         READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES

21 WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

22 PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER

23 MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS

24

25

26         [1]  The following defendants are dismissed pursuant to the
27 parties' statement in the Joint Status Conference Report ("JSCR") filed
November 23, 2005: CNA Group Life Insurance Company, CNA, and The
28 Hartford Financial Services Group, Inc.  The caption has been amended
accordingly.

1

1   WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF

2   JUDGMENT.

3          A status (pretrial scheduling) conference was scheduled in

4   this case for December 12, 2005.  Since the parties failed to propose

5   scheduling dates in their "JSCR" as required, the Court makes the

6   following Order and vacates the status conference.

7                          SERVICE OF PROCESS

8          All defendants have been served and no further service is

9   permitted, except with leave of Court, good cause having been shown.

10              JOINDER OF ADDITIONAL PARTIES/AMENDMENT

11         No further joinder of parties or amendments to pleadings is

12  permitted except with leave of Court, good cause having been shown.

13                             DISCOVERY

14         The parties agree this is an ERISA action but "disagree

15  about the extent to which discovery may and should be allowed. . . ."

16  JSCR. at 3.  Further, the "parties agree that plaintiff's motion for

17  leave to conduct discovery could be heard on the court's calendar

18  approximately three months after any determination that the long-term

19  claim is administratively denied. . . ."  Id. at 2.  Therefore,

20  Defendants shall file the Administrative Record on or before March 13,

21  2006.  If, after reviewing the Administrative Record, Plaintiff opines

22  that circumstances justify allowing discovery, Plaintiff shall file a

23  motion for specified discovery no later than May 12, 2006, which shall

24  be noticed for hearing on June 12, 2006, at 10:00 a.m. in courtroom

25  10.

26

27

28

1          MOTION HEARING SCHEDULE

2          The last hearing date for motions shall be December 11,

3   2006, at 9:00 a.m.[2]

4          Motions shall be filed in accordance with Local Rule 78-

5   230(b).  Opposition papers shall be filed in accordance with Local

6   Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>

7   <u>consent to the motion and the Court may dispose of the motion</u>

8   <u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).

9   Further, failure to timely oppose a summary judgment motion may result

10  in the granting of that motion if the movant shifts the burden to the

11  nonmovant to demonstrate a genuine issue of material fact remains for

12  trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

13         Absent highly unusual circumstances, reconsideration of a

14  motion is appropriate only where:

15         (1)  The Court is presented with newly discovered evidence

16  that could not reasonably have been discovered prior to the filing of

17  the party's motion or opposition papers;

18         (2)  The Court committed clear error or the initial decision

19  was manifestly unjust; or

20         (3)  There is an intervening change in controlling law.

21  A motion for reconsideration based on newly discovered evidence shall

22  set forth, in detail, the reason why said evidence could not

23  reasonably have been discovered prior to the filing of the party's

24  motion or opposition papers.  Motions for reconsideration shall comply

25  with Local Rule 78-230(k) in all other respects.

26

27  ───────────────

28  [2]    This time deadline does not apply to motions for continuances,
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

1  The parties are cautioned that an untimely motion

2  characterized as a motion in limine may be summarily denied.  A motion

3  in limine addresses the admissibility of evidence.

4  FINAL PRETRIAL CONFERENCE

5  The final pretrial conference is set for February 26, 2007,

6  at 2:30 p.m.  The parties are cautioned that the lead attorney who

7  WILL TRY THE CASE for each party shall attend the final pretrial

8  conference.  In addition, all persons representing themselves and

9  appearing in propria persona must attend the pretrial conference.

10  The parties are warned that non-trialworthy issues could be

11  eliminated *sua sponte* "[i]f the pretrial conference discloses that no

12  material facts are in dispute and that the undisputed facts entitle

13  one of the parties to judgment as a matter of law."  Portsmouth Square

14  v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

15  The parties shall file a JOINT pretrial statement with the

16  Court not later than seven (7) days prior to the final pretrial

17  conference.[3]  The joint pretrial statement shall specify the issues

18  for trial.  The Court uses the parties' joint pretrial statement to

19  prepare its final pretrial order and could issue the final pretrial

20  order without holding the scheduled final pretrial conference.  See

21  Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

22  requirement that the court hold a pretrial conference.").  The final

23  pretrial order supersedes the pleadings and controls the facts and

24

25  [3]  The failure of one or more of the parties to participate in
26  the preparation of any joint document required to be filed in this case
   does not excuse the other parties from their obligation to timely file
27  the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the
28  document shall include a declaration explaining why they were unable to
   obtain the cooperation of the other party.

4

1  issues which may be presented at trial.  Issues asserted in pleadings

2  which are not preserved for trial in the final pretrial order cannot

3  be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,

4  827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the

5  pretrial order are eliminated from the action."); Valley Ranch Dev.

6  Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an

7  issue omitted from the pretrial order is waived, even if it appeared

8  in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283

9  (D.D.C. 1995) (refusing to modify the pretrial order to allow

10  assertion of a previously-pled statute of limitations defense);

11  Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)

12  (indicating that "[a]ny factual contention, legal contention, any

13  claim for relief or defense in whole or in part, or affirmative matter

14  not set forth in [the pretrial statement] shall be deemed . . .

15  withdrawn, notwithstanding the contentions of any pleadings or other

16  papers previously filed [in the action]").

17       If possible, at the time of filing the joint pretrial

18  statement counsel shall also email it in a format compatible with

19  WordPerfect to: geborders@caed.uscourts.gov.

20                    SETTLEMENT CONFERENCE

21       No settlement conference is currently scheduled.  The

22  parties shall address in their joint pretrial statement whether they

23  wish to have a judge-assisted settlement conference.  If counsel wish

24  the Magistrate Judge to act as settlement judge, written stipulations

25  to this effect which waive the judge's disqualification from later

26  acting as the discovery judge must be filed prior to the scheduling of

27  the settlement conference.  See L. R. 16-270(b).  If the parties wish

28

1 │ to participate in Court-assisted settlement prior to the final

2 │ pretrial conference, they should contact the Deputy Clerk.

3 │ TRIAL SETTING

4 │ Trial is set for May 30, 2007, commencing at 9:00 a.m.

5 │ MISCELLANEOUS

6 │ The parties are reminded that pursuant to Federal Rule of

7 │ Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

8 │ **not be modified except by leave of Court upon a showing of good cause.**

9 │ **Counsel are cautioned that a mere stipulation by itself to change**

10 │ **dates does not constitute good cause.**

11 │ IT IS SO ORDERED.

12 │ DATED:  December 5, 2005

13 │ /s/ Garland E. Burrell, Jr.
   │ GARLAND E. BURRELL, JR.
14 │ United States District Judge